ESTHER KEATING *v.* GLASS CONTAINER
CORPORATION ET AL.
(12005)

PETERS, C. J., SHEA, SANTANIELLO, CALLAHAN and BRENNAN, Js.

Argued May 8—decision released September 10, 1985

*Thomas W. Mochnick,* for the appellant (defendant Pepsi-Cola Bottling Company of New Haven, Inc.).

*Ernest J. Mattei,* with whom, on the brief, was *Kim M. Cooke,* for the appellee (defendant Owens-Illinois, Inc.).

CALLAHAN, J. This action was commenced by the plaintiff, Esther Keating, on March 3, 1977, for injuries received when a cap from a Pepsi-Cola bottle she had purchased blew off and struck her in the eye, causing multiple injuries. The plaintiff's substitute complaint alleged strict liability against four defendants: Pepsi-Cola Bottling Company of New Haven, Inc. (hereinafter Pepsi), the bottler of the soda; Rosemary and Guido Parisi, doing business as the East Rock Package Store (hereinafter East Rock), retailers of the soda;

Glass Container Corporation (hereinafter Glass Container), the bottle manufacturer; and Owens-Illinois, Inc. (hereinafter Owens-Illinois), the bottle cap manufacturer. On October 25, 1979, Pepsi filed a cross complaint for indemnification against Owens-Illinois and Glass Container, alleging negligence and breaches of warranty. East Rock also filed a cross complaint for indemnification against the other three defendants alleging similar claims.

The case was tried to the jury only on the plaintiff's substitute complaint in strict liability. On December 17, 1982, the jury returned a plaintiff's verdict against the defendants Pepsi and East Rock in the amount of $95,000, and found for the defendants Owens-Illinois and Glass Container.[1] On December 24, 1982, the trial court heard the parties on the cross complaints. On February 3, 1983, the court rendered judgment in favor of Owens-Illinois and East Rock on the cross complaints and ordered that Pepsi indemnify East Rock for any liability incurred as a result of the judgment recovered by Esther Keating against East Rock.[2]

Pepsi appeals, claiming that the trial court erred in holding that Pepsi did not have a right to a jury trial on its cross complaint against the defendant Owens-Illinois.[3] Because we find that Pepsi failed to make a timely objection concerning the trial court proceedings and has not provided an adequate record for purposes of this appeal, we do not reach the merits of Pepsi's claim that it had a right to a jury trial on its cross complaint. We find no error.

[1] Pepsi and East Rock filed motions to set aside the verdict, both of which were denied by the trial court.

[2] It appears from the record that Pepsi's cross complaint against Glass Container was not pursued at the court trial.

[3] The defendant Pepsi presented another issue in its preliminary statement of issues, claiming error in the trial court's admission of and reliance on certain testimony. This claim was not briefed or argued at oral argument and is thus considered abandoned for purposes of this appeal.

We have repeatedly held that this court will not consider claimed errors on the part of the trial court unless it appears on the record that the question was distinctly raised at trial and was ruled upon and decided by the court adversely to the appellant's claim. See Practice Book § 3063; *Rybinski* v. *State Employees' Retirement Commission,* 173 Conn. 462, 466, 378 A.2d 547 (1977). The reason for requiring timely objections in judicial proceedings is to enable the judge and opposing counsel to correct possible errors, obviating the need for an appeal. Moreover, it is an appellant's burden, utilizing the rules of practice, to ensure that this court is provided with an adequate appellate record. Practice Book § 3082; *Grunschlag* v. *Ethel Walker School, Inc.,* 189 Conn. 316, 320, 455 A.2d 1332 (1983); *Kaplan* v. *Kaplan,* 186 Conn. 387, 388, 441 A.2d 629 (1982).

The record in the present case is replete with inconsistencies which could have been resolved by Pepsi at trial. It appears that the trial judge assumed that an agreement had been reached to try the defendants' cross complaints to the court after the jury portion of the trial. This is evident not only in statements made by the court throughout the proceedings, to which counsel acquiesced, but also in the court's memorandum of decision. A brief summary of correspondence prior to trial and statements during trial demonstrates the opportunities Pepsi had to alert the trial court to any possible error that had occurred, and to preserve the record for appeal. Pepsi simply failed to avail itself of these opportunities.

Subsequent to a pretrial conference, the assignment judge, *Berdon, J.,* sent a letter to all attorneys of record, in which the judge said, inter alia, that the parties were not entitled to a jury trial on the cross complaints since a claim for indemnification is equita-

ble.[4] The letter also stated that the cross complaints would be tried to the court, and that, if a plaintiff's verdict was returned at trial, the court would give the parties an opportunity to present additional evidence on their cross complaints. In a letter to the trial court, dated the same day as Judge Berdon's letter, counsel for Pepsi informed the court that he had contacted his client and that Pepsi did not wish to waive its right to a jury determination of its cross complaints pursuant to the judge's pretrial conference request. Pepsi now claims that the letter from Judge Berdon "ordered" that a court determine its cross claims in disregard of its right to a jury trial. Pepsi also argues, in essence, that its letter to the court was an objection to this order. We disagree.

First, we do not construe Judge Berdon's letter to counsel to be a ruling or court order. Although the letter did characterize the cross complaints as equitable in nature, it also contained other information concerning the scheduling of motions and it ended with a paragraph indicating that the judge was open to suggestions. It was not framed in the context of a formal ruling on any one issue. Second, Pepsi's letter to the court was nothing more than a response to suggestions made at a pretrial conference.[5] It cannot be considered a formal objection. See *Rybinski* v. *State Employees' Retirement Commission,* supra, 466. Prior to the start of the jury trial on the plaintiff's complaint, had Pepsi wished to preserve the issue for appeal, it could and should have placed a formal objection on the record and

[4] Judge Berdon cited the case of *Lockwood* v. *Nagy Bros., Inc.,* 150 Conn. 691, 692, 186 A.2d 82 (1962), for this proposition. We do not address the issue of whether or not his application of *Lockwood* was correct.

[5] We note that Pepsi's letter and the assignment judge's letter were both dated the same day, and it thus seems likely that they crossed in the mail. There is nothing in the record to rebut the logical conclusion that Pepsi's letter was written and sent after the pretrial conference, and *not* in response to Judge Berdon's letter.

sought a determination by the trial judge as to its right to a jury trial on the cross complaints. Id.

On December 8, 1982, prior to jury selection, Pepsi's counsel asked the court to whom the cross complaints would be tried. The court indicated that the cross complaints would be tried to the court at the end of the jury trial.[6] Pepsi did not object at this point or on subsequent occasions when the judge and other counsel referred to a court trial of the cross complaints. The only objection came at the time of the court trial when it was too late for the trial judge to change the course of the proceedings.[7] See *Sinisgalli* v. *Warden*, 153 Conn. 599, 602, 219 A.2d 724 (1966). Pepsi cannot now claim a new trial because of a situation which was

---

[6] "Mr. McNamara: Your Honor, I wonder if we could have it—I'm not sure; maybe we did in chambers. Has it been decided that the cross complaints themselves will be offered at another time? I think we have [to] know that before we start jury selection.

"The Court: Well, we haven't started the actual testimony yet.

"Mr. McNamara: Right; but I think we need to know that when we're bringing in the jury.

"The Court: Off the record—(whereupon a discussion was held off the record).

"Mr. McNamara: As I understand it, Judge, just so I'm clear, what we'll do is try Mr. Walsh's case against all of us.

"The Court: We won't worry about the cross complaints at all.

"Mr. McNamara: Then when that's finished, then we'll proceed with whatever additional evidence we wish to offer as against each other.

"The Court: Right.

\*　　\*　　\*

"Mr. Shea [counsel for East Rock]: There's one more confusion on my part. Is it clear now that the cross complaints are going to be tried to the court?

"The Court: Yes.

"Mr. Shea: O.K.''

[7] On December 24, 1982, after the jury trial was completed, co-counsel for Pepsi indicated that he was strongly objecting to the fact that the cross complaints were not being heard by the jury. "Mr. Mochnick: [T]he fact of the matter is, I believe we have an absolute right to our cross claim being heard by the jury and we take strong exception to the fact that the court is hearing these cross claims."

in part caused by its failure to make a timely objection.[8] See, e.g., *Enquire Printing & Publishing Co.* v. *O'Reilly,* 193 Conn. 370, 378, 477 A.2d 648 (1984); *Battistelli* v. *Connohio, Inc.,* 138 Conn. 646, 650, 88 A.2d 372 (1952).

Pepsi also had an opportunity to clarify the basis for trying the cross complaints to the court when the trial court's memorandum of decision on the cross complaints was issued. The trial court stated in its decision that by *oral stipulation of counsel,* the court agreed it would decide all cross complaints. Further, he stated that it was also agreed that the defendants would have an opportunity to file cross complaints and offer additional evidence to supplement what the court had heard during the jury trial. If Pepsi disagreed with these representations, it should have utilized Practice Book § 3082 to clarify the legal or factual basis for the trial court's statements. See *Leverty & Hurley Co.* v. *Commissioner of Transportation,* 192 Conn. 377, 379, 471 A.2d 958 (1984); *Kakalik* v. *Bernardo,* 184 Conn. 386, 390–91, 439 A.2d 1016 (1981).[9] Pepsi failed to take

[8] We do recognize that after the jury had been selected but prior to the presentation of evidence at the jury trial, and in response to a motion in limine by the defendant Owens-Illinois, Pepsi's counsel stated that it wished not to waive its right to a jury trial on the cross complaints. As the transcript of the proceedings before the start of jury selection indicates; see footnote 6, supra; counsel for Pepsi appeared to acquiesce at that time in a nonjury trial of the cross complaints. On that occasion he stressed the importance for the voir dire of knowing whether the jury would be deciding the cross complaint issues. In reliance upon his apparent waiver of a jury trial on the cross complaint other parties made their selections of jurors. It would have been unfair, therefore, after the jury had been chosen to permit counsel for Pepsi to withdraw his earlier consent to a court trial of the cross complaints, as manifested by his failure to object when the court responded affirmatively to the inquiry concerning a nonjury trial of those issues. Also, despite the protestation of counsel for Pepsi, the trial court was never requested nor required to make a ruling concerning counsel's statement.

[9] At the time the trial court released its decision in February, 1983, Practice Book § 3082 provided: "[Practice Book] Sec. 3082. RECTIFICATION OF APPEAL.

"Any motion seeking corrections in the transcript or the trial court rec-

advantage of this procedure, and we therefore have no basis to conclude that the trial court erred in its recollection of what had transpired.[10] See *Kakalik* v. *Bernardo,* supra, 391. It is the appellant's responsibility to secure an adequate record, and under normal circumstances a case will not be remanded to correct a deficiency the appellant could have remedied. *Barnes* v. *Barnes,* 190 Conn. 491, 494, 460 A.2d 1302 (1983);[11] see *Grunschlag*

---

ord which depend on proof of matters not of record shall be made in the first instance to the judge of the trial court whence the appeal is taken or the reservation is made. The trial court may, either on its own motion or on a motion filed by any party, make, after hearing, such corrections or additions as are necessary for the proper presentation of the preliminary statement of issues or for the proper presentation of questions reserved; or the trial court may approve a stipulation of counsel that such a correction or addition be made, provided the motion or stipulation is presented before the day the appeal is ready to be assigned for hearing. The action of the trial judge as regards such a correction or addition may be reviewed by the supreme court under Sec. 3108. Nothing herein is intended to affect the existing practice with respect to opening and correcting judgments and the records on which they are based.

"Corrections made before the record is printed shall be included in it. If the record has been printed, the trial judge or the chief justice may direct the chief clerk of the supreme court to make a supplemental printed record, to be printed and distributed in the same way as the original printed record, but in the absence of such a direction the chief clerk of the supreme court shall furnish the judges of the supreme court typewritten copies."

[10] Our review of the record reveals that much of the discussion concerning the cross complaints took place off the record. We have noted in the past the hazards of making off-the-record stipulations. *Nair* v. *Thaw,* 156 Conn. 445, 455, 242 A.2d 757 (1968). In *Nair,* we indicated that the court and counsel can best assure themselves of protection from misunderstanding and faults of recollection by making a transcript available for review by this court. Id.

[11] "[Practice Book] Sec. 3060D. REVIEW BY THE SUPREME COURT

"The supreme court may reverse or modify the decision of the trial court if it determines that the decision is clearly erroneous in view of the evidence and pleadings in the whole record.

"If the supreme court deems it necessary to the proper disposition of the cause, it may remand the case for a further articulation of the basis of the trial court's decision.

"It is the responsibility of the appellant to provide an adequate record for review."

v. *Ethel Walker School, Inc.*, supra; *Kaplan* v. *Kaplan*, 186 Conn. 387, 388 n.1, 441 A.2d 629 (1982).

There is no error.

In this opinion the other judges concurred.