EMELLIE ANDERSON *v.* KENNETH WHITTEN
(AC 27164)

Harper, Lavine and Dupont, Js.

Submitted on briefs December 7, 2006—officially released April 24, 2007

*Steven H. St. Clair* filed a brief for the appellant (defendant).

*Joseph J. D'Agostino, Jr.,* filed a brief for the appellee (plaintiff).

*Opinion*

HARPER, J. This appeal arises out of an action by the plaintiff, Emellie Anderson, to recover damages

from the defendant, Kenneth Whitten, for unsatisfactory performance of two home improvement contracts. The trial court found the defendant liable under a theory of common-law negligence and awarded the plaintiff $10,000. On appeal, the defendant argues that (1) the complaint did not properly state a claim of negligence, (2) the court improperly credited the testimony of one of the plaintiff's expert witnesses and (3) the court's factual findings were unsupported by the evidence. We affirm the judgment of the trial court.

The record reveals the following undisputed facts. On July 23, 2004, the plaintiff hired the defendant, a licensed building contractor, to perform various structural improvements to her residence. In particular, the contract contemplated the construction of a two story addition to her residence, one floor of which was to be used as a garage and the other as a home office. On August 18, 2004, the parties entered into a second contract under which the defendant agreed to build a new deck and railing adjacent to the residence, as well as make further improvements to the home office on the second floor.

On December 15, 2004, the plaintiff filed a complaint against the defendant, of which only the third count is at issue.[1] The third count alleged that the defendant's work under the contracts was "substandard, not to code, unsafe and not done in a [workmanlike] manner." It further alleged that the plaintiff likely would have to pay someone else to repair all of the work that was done by the defendant. Accordingly, the plaintiff requested an award of actual and punitive damages, reasonable

---

[1] The first count of the complaint alleged violations of the Home Improvement Act; General Statutes § 20-418 et seq.; and the Home Solicitation Sales Act; General Statutes § 42-134a et seq.; the second count alleged violation of the Connecticut Unfair Trade Practices Act; General Statutes § 42-110a et seq.; and the fourth count alleged unjust enrichment. The court held that the plaintiff could not recover under any of those theories.

attorney's fees, interest, costs and "[s]uch other legal or equitable relief as the [c]ourt may deem appropriate."

On July 21, 2005, the parties tried the action to the court. In an amended memorandum of decision issued on September 29, 2005, the court found "numerous instances of substandard and incomplete work" in the defendant's construction of the two story attachment, the deck and the railing. The court, relying on the testimony of one of the plaintiff's witnesses, further found that the defendant utilized improper techniques and installation methods. Finally, the court found that the defendant knew or should have known that the "poor quality" of his work would result in the plaintiff having to pay someone else to make repairs.

On the basis of those findings, the court found the defendant liable, pursuant to the third count of the complaint, for breach of the "common-law duty of care" that required him to render performance "in a good, substantial workmanlike manner." Consequently, the court awarded the plaintiff $10,000, which it found constituted the cost of repairing the work completed by the defendant. This appeal followed.

I

The defendant first argues that the third count of the complaint failed to state a claim sounding in negligence. As a consequence, the defendant contends that he was deprived of fair notice of the existence of the claim, and thereby prejudiced in his ability to prepare and to present an adequate defense at trial. We disagree.

"[T]he interpretation of pleadings is always a question of law for the court . . . . The modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically. . . . Although essential allegations may not be supplied by conjecture or remote implication . . . the

complaint must be read in its entirety in such a way as to give effect to the pleading with reference to the general theory upon which it proceeded, and do substantial justice between the parties. . . . As long as the pleadings provide sufficient notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing party, we will not conclude that the complaint is insufficient to allow recovery." (Citations omitted; internal quotation marks omitted.) *Travelers Ins. Co.* v. *Namerow*, 261 Conn. 784, 795, 807 A.2d 467 (2002).

"Recovery of damages in negligence requires proof by a fair preponderance of the evidence that the actor owed a duty of care to the victim, which was breached by the actor's failure to meet the standard of care arising therefrom and that the breach was the proximate cause of actual harm suffered by the victim." *Coburn* v. *Lenox Homes, Inc.*, 186 Conn. 370, 372, 441 A.2d 620 (1982). In this case, the third count of the complaint alleged that "[t]he [d]efendant began work[ing] on the [p]laintiff's property per the agreements," but the quality of the work "was substandard, not to code, unsafe and not done in a [workmanlike] manner." The complaint further alleged that "[a]ll the work will likely need to be redone causing the [p]laintiff to incur expenses for the new work."

We agree with the defendant that the complaint could have been drafted more precisely and that it generally behooves litigants to state expressly their causes of action in each count of a complaint. See Practice Book § 10-1. Nevertheless, we conclude that the allegations in the plaintiff's complaint, collectively,[2] were sufficient to provide the defendant with notice of "the facts

---

[2] The third count of the complaint incorporated the allegations contained in the second count, and the second count restated the allegations contained in the first count.

claimed and the issues to be tried . . . ." (Internal quotation marks omitted.) *Travelers Ins. Co.* v. *Namerow,* supra, 261 Conn. 795.

In addition, "[t]he absence of a requisite allegation in a complaint that would have justified the granting of a motion to strike . . . is not a sufficient basis for vacating a judgment unless the pleading defect has resulted in prejudice. . . . [J]udgment will not be arrested for faults in statement when facts sufficient to support the judgment have been substantially put in issue and found." (Internal quotation marks omitted.) *Tedesco* v. *Stamford,* 215 Conn. 450, 457, 576 A.2d 1273 (1990), on remand, 24 Conn. App. 377, 588 A.2d 656 (1991), rev'd, 222 Conn. 233, 610 A.2d 574 (1992). Although the defendant makes a blanket claim of surprise and prejudice, he provides no analysis of the factual basis for those assertions.[3] The transcript reveals that the defendant submitted evidence during trial that was explicitly aimed at disproving the plaintiff's claim of negligence. "[I]t is true that ordinarily a court may not grant relief on the basis of an unpleaded claim. . . . That does not necessarily mean, however, that the absence of a particular claim from the pleadings automatically precludes a trial court from addressing the claim, because a court may, despite pleading deficiencies, decide a case on the basis on which it was

---

[3] Indeed, the record contains substantial evidence refuting the defendant's claim of surprise and prejudice. Tellingly, the defendant's counterclaim asserted that the "[p]laintiff accepted [the] [d]efendant's performance as satisfactory and complete and paid [the] [d]efendant the sum contracted for." This response appears to be aimed at undermining the plaintiff's claim of negligence. Furthermore, the plaintiff's pretrial disclosure of Earl Armstrong as an expert witness summarized his expected testimony as encompassing "(1) [f]it and finish of the deck and garage; (2) [s]agging rails; (3) [s]ubstandard installation of posts; (4) [i]nstallation fasteners used, type, and location; (5) [c]ondition of handrail on [s]tairs; (6) [g]aps in the [s]offits and overhangs; (7) [d]oor installation; (8) [s]iding installation; (9) [i]nferior framing techniques; [and] (10) [s]ub [f]looring." This list of detailed examples of poor workmanship reasonably provided further notice of the plaintiff's claim of negligence.

actually litigated and may, in such an instance, permit the amendment of a complaint, even after the trial, to conform to that actuality. . . . Indeed, [our Supreme Court has] recognized that, even in the absence of such an amendment, where the trial court had in fact addressed a technically unpleaded claim that was actually litigated by the parties, it was improper for [this court] to reverse the trial court's judgment for lack of such an amendment." (Citations omitted.) *Stafford Higgins Industries, Inc.* v. *Norwalk*, 245 Conn. 551, 575, 715 A.2d 46 (1998).

Here, the plaintiff put the defendant on notice of her negligence claim, and the parties actually litigated the merits of that claim during trial. For these reasons, and the lack of evidence suggesting that the defendant suffered any surprise or prejudice, we find no merit in the defendant's claim.

## II

The defendant's second claim is that the court improperly credited the testimony of Earl Armstrong, one of the plaintiff's witnesses, in concluding that the defendant's techniques and installation methods were improper. Specifically, the defendant argues that there was an insufficient evidentiary basis for the court's decision to qualify Armstrong as an expert.[4] We are not persuaded.

"The trial court has wide discretion in ruling on the qualification of expert witnesses and the admissibility of their opinions. . . . The court's decision is not to

---

[4] Furthermore, the defendant contends that Armstrong's unfamiliarity with the parties' contracts rendered him incompetent to testify about the quality of the defendant's work. There is no merit to this claim. Armstrong's testimony was admitted for the sole purpose of establishing that the defendant's construction of the addition, deck and railing did not conform to the industry standard. His prior construction experience and observations of the defendant's work rendered him competent to express such an opinion.

be disturbed unless [its] discretion has been abused, or the error is clear and involves a misconception of the law. . . . Generally, expert testimony is admissible if (1) the witness has a special skill or knowledge directly applicable to a matter in issue, (2) that skill or knowledge is not common to the average person, and (3) the testimony would be helpful to the court or jury in considering the issues." (Internal quotation marks omitted.) *Hutchinson* v. *Andover*, 49 Conn. App. 781, 788, 715 A.2d 831 (1998).

At trial, counsel for the plaintiff claimed that Armstrong was an expert witness on the basis of his having worked in the construction business for more than thirty years and his current status as a licensed home improvement contractor. Armstrong also testified that his work encompassed "just about everything there is to do with a home," including decks, siding and the finishing work on additions. Armstrong acknowledged, however, that he never received any formal training. Furthermore, although he reviewed the defendant's work and made written notations about specific ways in which it did not conform to standard practice, Armstrong admitted that he had never seen the actual contracts between the parties.

After listening to the voir dire of Armstrong, the court stated that Armstrong qualified as an expert witness "primarily because he is a licensed home improvement contractor." The court therefore overruled the defendant's objection to Armstrong's expertise, and allowed Armstrong to testify about how the work done on the two story addition, the deck and the railing did not satisfy the general standard of "finished" work. On the basis of his observations of the defendant's work, Armstrong estimated that the cost of repair would total "around $10,000."

Mindful that establishing expertise merely requires "special skill or knowledge [that] is not common to

the average person," and is "helpful" to the court's consideration of "a matter in issue," we conclude that there was sufficient evidence to justify Armstrong's qualification as an expert witness. It is undisputed that Armstrong had been a home improvement contractor for more than thirty years. He had experience with finishing, as well as siding, decks, additions and "just about everything there is to do with a home." Having established "reasonable qualifications" for his testimony as an expert witness, any further objection to his credentials "[pertained] to the weight rather than to the admissibility of the evidence." *Wray* v. *Fairfield Amusement Co.*, 126 Conn. 221, 224, 10 A.2d 600 (1940).

The defendant argues that the court's reference to Armstrong's status as a "licensed home improvement contractor" signifies that it relied solely on his licensure to establish his expertise. Even if we were to make that inference, such reliance would not necessarily have been improper. Furthermore, "[s]ome facts must be shown as the foundation of [an expert's] opinion, but there is no rule of law declaring the precise facts which must be proved before such an opinion may be received in evidence." (Internal quotation marks omitted.) *Coffin* v. *Laskau*, 89 Conn. 325, 329, 94 A. 370 (1915). Here, there was ample evidence beyond his licensure to support the court's finding that Armstrong was qualified to render an expert opinion as to whether the defendant's work met the industry standard. Hence, the court's ruling reflected a proper exercise of its discretion.

### III

The defendant's third claim is that there was insufficient evidence to support the court's conclusion that the defendant was liable for negligence. Additionally, he argues that the underlying factual findings of the court are clearly erroneous. We are not persuaded.

We begin by setting forth the standard of review applicable to claims of insufficient evidence. "An appeal based on the sufficiency of evidence to support a factual finding carries a legal and practical restriction to review. The function of an appellate court is to review, and not to retry, the proceedings of the trial court. . . . Further, we are authorized to reverse or modify the decision of the trial court only if we determine that the factual findings are clearly erroneous in view of the evidence and pleadings in the whole record, or that its decision is otherwise erroneous in law." (Internal quotation marks omitted.) *Lisiewski* v. *Seidel*, 95 Conn. App. 696, 705, 899 A.2d 59 (2006).

As stated previously, establishing a claim of negligence requires proof that the defendant owed a duty of care to the plaintiff and that his or her failure to meet the standard of care proximately caused the damages sustained by the plaintiff. *Coburn* v. *Lenox Homes, Inc.*, supra, 186 Conn. 372. In terms of the nature of the duty owed, our Supreme Court has noted that "[a] builder is under a duty to exercise that degree of care which a skilled builder of ordinary prudence would have exercised under the same or similar conditions." (Internal quotation marks omitted.) Id., 381.

The court made several findings concerning the "poor workmanship" of the defendant's work under the contracts. With regard to the two story addition, the court described "gaps in the siding on the outside of the garage," and "nails protruding from the framing in many places, and plywood installed in a way that left gaps in the floors in the upstairs area." The court further noted that "[a] stairway leading from the garage area to the office area was defective in that it was not properly supported and the railings were improperly placed in some areas and missing in another area."

Regarding the workmanship of the deck and the railing, the court made the following findings: "One of the

posts supporting the deck was cracked; one was too short. Concrete had not been poured underneath the old posts. The defendant did not finish a side of the deck near the sliders leading to the house. Although the plaintiff paid an additional $3000 for a particular railing, as installed it was warped and gaps appeared at the joints. Nails were used haphazardly in the deck itself creating an unsightly finish although the plaintiff expected and paid for pins to be used to improve the appearance of the decking. In addition, framing that was to be done above the garage in the home office area was not completed."

The defendant challenges many of these findings on the grounds that they lack evidentiary support in the record,[5] contradicted the testimony of the defendant, were not alleged in the complaint or concerned work that was not included in the contracts.[6] None of these claims is persuasive.

"Where there is conflicting evidence, we do not retry the facts or pass on the credibility of the witnesses. . . . The probative force of conflicting evidence is for the trier to determine. . . . In a case tried before a

---

[5] The defendant identifies ten specific findings of the court that, he claims, are clearly erroneous. Having carefully reviewed the transcript, the photographs and the parties' contracts, we find no merit to any of the defendant's contentions.

[6] With regard to the defendant's claim that some of the defective work was outside of the scope of the contract, we note that the court never made any findings to that effect. Further, the plaintiff and Armstrong testified about several problems with various aspects of the defendant's work. At no point did the defendant object on the ground that he did not in fact perform the work they described or, alternatively, that it was not a part of the contract. Without a recorded objection or ruling on this issue, the record is inadequate for review. See *Keating* v. *Glass Container Corp.*, 197 Conn. 428, 431, 497 A.2d 763 (1985) (noting our Supreme Court has held "repeatedly" that appellate courts "will not consider claimed errors on the part of the trial court unless it appears on the record that the question was distinctly raised at trial and was ruled upon and decided by the court adversely to the appellant's claim").

court, the trial judge is the sole arbiter of the credibility of the witnesses and the weight to be given specific testimony." (Internal quotation marks omitted.) *Lisiewski* v. *Seidel,* supra, 95 Conn. App. 705–706. As such, the existence of testimonial evidence from the defendant contradicting the court's findings is not, by itself, a valid reason for overturning the judgment.

Furthermore, as explained previously, the purpose of a complaint is merely to "provide sufficient notice of the facts claimed and the issues to be tried . . . ." *Travelers Ins. Co.* v. *Namerow,* supra, 261 Conn. 795. The plaintiff satisfied that requirement by alleging in the third count that the defendant's work "was substandard, not to code, unsafe and not done in a [workmanlike] manner." Having made this general allegation providing notice of her negligence claim, there was no need for the plaintiff to have alleged each defect individually in the complaint.

Testimony from the plaintiff and Armstrong, as well as several photographs, corroborated the court's findings concerning specific defects in the two story addition, the deck and the railing. On the basis of those findings, the court reasonably inferred that "[t]he defendant knew, or should have known, that the numerous instances of substandard and incomplete work . . . would result in the foreseeable harm that resulted, i.e., the need to incur the cost of repairs." This conclusion was well supported by the evidence and does not appear to be challenged by the defendant.

These findings were all that was necessary for the court to hold the defendant liable to the plaintiff on the basis of a theory of common-law negligence. Accordingly, we conclude that neither the court's findings, nor the conclusions reasonably drawn therefrom, were clearly erroneous.

The judgment is affirmed.

In this opinion the other judges concurred.