GLORIA PALMIERI *v.* STOP AND SHOP
COMPANIES, INC., ET AL.
(AC 27835)

Bishop, DiPentima and Gruendel, Js.

Submitted on briefs April 18—officially released August 7, 2007

*Jerald S. Barber* filed a brief for the appellant (plaintiff).

*Susan E. Malliet* filed a brief for the appellees (defendants).

*Opinion*

PER CURIAM. In this premises liability case, the plaintiff, Gloria Palmieri, appeals from the judgment of the trial court, rendered after a trial to the court, in favor of the defendants, Stop & Shop Companies, Inc., Kate Realty Company, Inc., and Montowese Industrial Park, Inc. On appeal, the plaintiff claims that the court improperly concluded that she failed to prove that a defect existed that caused her to trip and fall. We affirm the judgment of the trial court.

The following facts found by the court in its memorandum of decision are relevant to our resolution of the plaintiff's appeal. On October 10, 2000, the plaintiff fell while approaching the entrance to one of the stores owned by Stop & Shop Companies, Inc., in East Haven. The plaintiff tripped and fell where the asphalt parking lot bordered a concrete sidewalk leading into the store.

The plaintiff commenced this negligence action against the defendants, seeking damages for her injuries. In her complaint, the plaintiff alleged that she fell because there was an uneven indentation in the parking area and that this indentation was a defect caused by the defendants' carelessness and negligence. The court found that the evidence introduced was inadequate to prove the existence of a defect or condition that would make it unreasonably safe for someone who was entering the store. The court concluded that because of that insufficient evidence, the plaintiff had not proven her

theory of liability, and the court rendered judgment in favor of the defendants.[1] This appeal followed.

We begin by setting forth the standard of review for claims of insufficient evidence. "An appeal based on the sufficiency of evidence to support a factual finding carries a legal and practical restriction to review. The function of an appellate court is to review, and not to retry, the proceedings of the trial court. . . . Further, we are authorized to reverse or modify the decision of the trial court only if we determine that the factual findings are clearly erroneous in view of the evidence and pleadings in the whole record, or that its decision is otherwise erroneous in law." (Internal quotation marks omitted.) *Anderson* v. *Whitten*, 100 Conn. App. 730, 739, 918 A.2d 1056 (2007); *Lisiewski* v. *Seidel*, 95 Conn. App. 696, 705, 899 A.2d 59 (2006). The court's determination that the evidence was insufficient to support the plaintiff's theory of liability is a factual finding, and, therefore, our review is limited to whether such a determination was clearly erroneous. See *Anderson* v. *Whitten*, supra, 741.

The plaintiff is correct that as a business invitee the defendants owed her a duty to maintain their premises in a reasonably safe condition. *Martin* v. *Stop & Shop Supermarket Cos.*, 70 Conn. App. 250, 251, 796 A.2d 1277 (2002). "To hold the defendant liable for her personal injuries [though], the plaintiff must prove (1) the existence of a defect, (2) that the defendant knew or in the exercise of reasonable care should have known about

---

[1] The plaintiff alleged in her complaint that Kate Realty Company, Inc., Montowese Industrial Park, Inc., or both "were charged with the duty of maintaining the common areas" where she fell. The court noted in its memorandum of decision that no evidence was introduced against those two defendants to support that particular allegation. Having found that liability was not proven against Stop & Shop Companies, Inc., the court also found that there was no liability against the two other defendants.

the defect and (3) that such defect had existed for such a length of time that the [defendant] should, in the exercise of reasonable care, have discovered it in time to remedy it." (Internal quotation marks omitted.) Id.; see *Cruz* v. *Drezek*, 175 Conn. 230, 238–39, 397 A.2d 1335 (1978).[2] Furthermore, "[i]t is within the province of the trier of fact to determine whether a defective condition existed." *Martin* v. *Stop & Shop Supermarket Cos.*, supra, 251.

The evidence introduced at trial regarding the existence of a defect was two photographs of the site of the plaintiff's fall. In addition, the plaintiff testified that she fell because the area where the asphalt parking lot met the concrete sidewalk was not even and that the concrete was higher than the asphalt. As stated in its memorandum of decision, the court could not determine on the basis of the two photographs submitted which surface was higher or if one was higher at all. The court also noted that "no attempts were made to measure the differentiation between the two surfaces or submit more helpful [photographs]." Furthermore, the court found that the plaintiff's testimony raised credibility issues regarding the actual cause of the extent of the plaintiff's injuries.[3] On the basis of those considerations, the court concluded that no defect existed. After thoroughly reviewing the record, we con-

[2] We acknowledge that in *Kelly* v. *Stop & Shop, Inc.*, 281 Conn. 768, 791–93, 918 A.2d 249 (2007) (en banc), our Supreme Court modified the standard as to actual and constructive notice by adopting the mode of operation rule, applicable to self-service operations. As this case involves neither the notice aspect of the premises liability claim nor a self-service operation, we simply note this recent evolution of the law.

[3] We note that during the trial, deposition testimony from a different premises liability case that the plaintiff was pursuing was introduced, and in that testimony, the plaintiff stated that the severity of her injuries was the result of that incident. Other evidence showed that the plaintiff had memory problems and that she suffered from long-standing degenerative changes in her hip.

clude that the court's finding was not clearly erroneous and that the court reasonably could have found as it did.

The judgment is affirmed.