******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

KAREN DELAHUNTY *v.* AGNES TARGONSKI ET AL.
(AC 36839)

DiPentima, C. J., and Alvord and Bishop, Js.

*Argued March 10—officially released July 28, 2015*

(Appeal from Superior Court, judicial district of
Middlesex, Domnarski, J.)

*John R. Williams*, for the appellant (plaintiff).

*Timothy Brignole*, with whom, on the brief, was *Juri
E. Taalman*, for the appellees (defendants).

*Opinion*

DiPENTIMA, C. J. The plaintiff, Karen Delahunty, appeals from the judgment of the trial court awarding her $100 in nominal damages for trespass and awarding the defendants, Agnes Targonski and Kizyszlof Targonski, an easement by estoppel. On appeal, the plaintiff claims that she was denied her state constitutional right to a trial by jury.[1] We conclude that the plaintiff waived her right to a jury trial and therefore cannot prevail, pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), on her unpreserved claim. Accordingly, we affirm the judgment of the trial court.

The following facts, as set forth in the court's memorandum of decision, and procedural history, are relevant to the resolution of this appeal. In 2004, the plaintiff obtained subdivision approval for land she owned on Indian Hill Road in Haddam. This subdivision consisted of two lots, designated "lot 1" and "lot 2," and each two acre lot had 200 feet of frontage on Indian Hill Road. Later that year, she sold lot 2, located at 11 Indian Hill Road, to the defendants. In between the two lots was "an access strip 38 feet wide and approximately 440 feet long that had frontage on Indian Hill Road."

The closing occurred on or about July 26, 2004, although neither the plaintiff nor her attorney attended. "The warranty deed for lot 2 did not contain a grant of right-of-way or easement over the plaintiff's access strip for use as a driveway. The defendants were represented by counsel at the closing and they expected, and understood, that the right-of-way would be in the deed. The defendants' attorney never informed them, at the closing, that the deed did not contain a right-of-way. The court [found] that, after the closing, and before they constructed their house, the defendants did not have actual knowledge that their deed did not contain a right-of-way."

Soon thereafter, the defendants began the construction of a house on their property. After it was constructed, the defendants learned that a portion of their house was too close to the required twenty foot setback. As a result, they asked the plaintiff to convey a small portion of the access strip to remedy the problem, which the plaintiff did on August 25, 2005. In the fall of 2005, the defendants entered into a contract for the construction of a stone wall, which was built on the southerly boundary of their driveway, which also is the "approximate southerly boundary of the plaintiff's access strip." The stone wall is approximately 230 feet in length. The defendants also paved the driveway in October, 2007.

The plaintiff commenced this action in October, 2008. The operative complaint alleged various forms of trespass, one count of nuisance and one count to quiet title. Essentially, she alleged that the stone wall and

the paved driveway were built and that trees were planted on her property without her permission, which constituted a trespass. The plaintiff further claimed that the defendants have parked motor vehicles on the access strip, which she owns, and that the defendants have operated trucks, logging equipment and other large machinery on her property, and these activities have been done without her permission, amounting to a trespass. The plaintiff also alleged that the defendants dumped and abandoned animal cages on the plaintiff's property without her authorization, and that the defendants' logging and farming activities generated offensive noises and odors that interfered with her use of her property, creating a nuisance.[2] The defendants filed an answer, special defenses and counterclaims against the plaintiff.

Prior to trial and pursuant to Practice Book § 10-11, the defendants moved for permission to cite in, as necessary third parties, Kevin M. Gaffey and Jennifer S. Gaffey (Gaffeys). The court granted the motion and the defendants filed a third party complaint against the Gaffeys, alleging that they owned the property known as 5 Indian Hill Road, which abutted the plaintiff's property. The defendants further claimed that a three foot high berm created on the Gaffey property created erosion, sediment and washing of contaminated water across the plaintiff's property and onto their driveway.

On February 15, 2011, the Gaffeys filed a claim for a jury trial. On April 18, 2013, however, the Gaffeys moved for a court trial with respect to the third party complaint. On April 29, 2013, in accordance with an agreement of the parties, the court granted the motion for a court trial filed by the Gaffeys. Later that spring, on May 31, 2013, the defendants withdrew their third party complaint against the Gaffeys.

A trial to the court occurred on January 23, 24, 28, and February 11, 2014. The court issued a memorandum of decision on April 8, 2014. It found that the defendants had established, by clear and convincing evidence, an easement by estoppel to use the access strip as a right of way to their house and attached garage. This easement was for ingress and egress only, and not for the parking of motor vehicles, and was limited to the paved portion of the access strip. The court also found that the construction of the stone wall and the planting of trees by the defendants on the plaintiff's property constituted a trespass. The court rejected the other claimed trespasses by the plaintiff, as well as her claims for nuisance, punitive damages and injunctive relief. For the trespass, it awarded the plaintiff $100 in nominal damages. This appeal followed.

The sole claim raised by the plaintiff in her appeal is that she was denied her state constitutional right to a trial by a jury. Specifically, she argues that the case was claimed for a jury trial, albeit by the Gaffeys, and

the denial of her right to a jury trial constituted structural error. She concedes that this claim was not preserved and seeks review under *State* v. *Golding*, supra, 213 Conn. 239–40. See, e.g., *State* v. *Elson*, 311 Conn. 726, 743, 91 A.3d 862 (2014) (bedrock principle of appellate jurisprudence that appellate courts generally will not review unpreserved claims made for first time on appeal). We conclude that, under the facts and circumstances of this case, she waived her right to a jury trial and therefore her claim fails to satisfy the third prong of *Golding*.

In *State* v. *Golding*, supra, 213 Conn. 239–40, our Supreme Court stated that "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail. The appellate tribunal is free, therefore, to respond to the defendant's claim by focusing on whichever condition is most relevant in the particular circumstances." (Emphasis in original; footnote omitted.) *Golding* applies in civil as well as criminal cases. *In re Yasiel R.*, 151 Conn. App. 710, 720, 94 A.3d 1278, cert. granted on other grounds, 314 Conn. 907, 99 A.3d 1169 (2014); *Bruno* v. *Bruno*, 132 Conn. App. 339, 348–49, 31 A.3d 860 (2011); *Lohnes* v. *Hospital of Saint Raphael*, 132 Conn. App. 68, 79–80, 31 A.3d 810 (2011), cert. denied, 303 Conn. 921, 34 A.3d 397 (2012).

We are mindful that "[i]n the usual *Golding* situation, the defendant raises a claim on appeal which, while not preserved at trial, *at least was not waived at trial. . . .* [A] constitutional claim that has been waived does not satisfy the third prong of the *Golding* test because, in such circumstances, we simply cannot conclude that injustice [has been] done to either party . . . or that the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial . . . . To reach a contrary conclusion would result in an ambush of the trial court by permitting the defendant to raise a claim on appeal that his or her counsel expressly had abandoned in the trial court." (Emphasis in original; internal quotation marks omitted.) *State* v. *Reddick*, 153 Conn. App. 69, 80–81, 100 A.3d 439, appeal dismissed, 314 Conn. 934, 102 A.3d 85, and cert. denied, 315 Conn. 904, 104 A.3d 757 (2014); see also *Mozell* v. *Commissioner of Correction*, 291 Conn. 62, 70–71, 967 A.2d 41 (2009); *State* v. *Fabricatore*, 281 Conn. 469, 481–83, 915 A.2d 872 (2007). Simply put, a constitutional claim that has been waived does not satisfy the third prong of

*Golding. State* v. *Jessie L. C.*, 148 Conn. App. 216, 231, 84 A.3d 936, cert. denied, 311 Conn. 937, 88 A.3d 551 (2014); see also *State* v. *Santiago*, 142 Conn. App. 582, 590, 64 A.3d 832, cert. denied, 309 Conn. 911, 69 A.3d 307 (2013).

We recently discussed waiver in the context of a claim made pursuant to the *Golding* doctrine. "[W]aiver is [t]he voluntary relinquishment or abandonment—express or implied—of a legal right or notice. . . . In determining waiver, the conduct of the parties is of great importance. . . . [W]*aiver may be effected by action of counsel.* . . . When a party consents to or expresses satisfaction with an issue at trial, claims arising from that issue are deemed waived and may not be reviewed on appeal. . . . Thus, [w]aiver . . . involves the idea of assent, and assent is an act of understanding. . . .

"It is well established that implied waiver . . . arises from an *inference* that the defendant knowingly and voluntarily relinquished the right in question. . . . Waiver does not have to be express . . . but may consist of acts or conduct from which waiver may be implied. . . . In other words, waiver may be inferred from the circumstances if it is reasonable to do so. . . . It also is well established that any such inference must be based on a course of conduct. . . . Relevant cases inform us that a criminal defendant may implicitly waive one or more of his or her fundamental rights. . . . In some circumstances, a waiver of rights must be knowing, voluntary and intelligent, and it must be expressly made. . . . In other circumstances, waiver can be implied . . . [and] [t]he waiver can be made by counsel . . . ." (Citations omitted; emphasis in original; internal quotation marks omitted.) *State* v. *Santiago*, supra, 142 Conn. App. 595–96.

In criminal cases, our Supreme Court has held that the defendant must personally waive the fundamental right to a jury trial and there must be some affirmative indication from the defendant, on the record, that he or she knowingly, intelligently and voluntarily has waived the right to a jury trial. *State* v. *Gore*, 288 Conn. 770, 777–78, 995 A.2d 1 (2008). It also has recognized, however, that a lower standard for waiving the right to a jury applies in civil cases. *L & R Realty* v. *Connecticut National Bank*, 246 Conn. 1, 14, 715 A.2d 748 (1998) (appropriate to apply lower standard in determining enforceability of prelitigation contractual jury trial waivers than for waivers in criminal case); see also *Fuentes* v. *Shevin*, 407 U.S. 67, 94–95, 92 S. Ct. 1983, 32 L. Ed. 2d 556 (1972) (standards for waivers of rights in criminal case would not necessarily apply to civil litigation).

A party may forfeit the right to a jury trial in a civil case if the right is not asserted in a timely manner, may abandon the right to a jury trial if he or she chooses a

forum that does not afford the right to a jury trial, or may waive the right to a jury trial. *L & R Realty* v. *Connecticut National Bank*, supra, 246 Conn. 10; see *Anastasia* v. *Mitsock*, Superior Court, judicial district of New Haven, Docket No. CV-05-4012156-S (December 1, 2006) (42 Conn. L. Rptr. 453, 454) (summary of law since 1899 that failure to claim civil action to jury within thirty days of return date or within ten days after an issue of fact has been joined amounts to voluntary and intentional relinquishment of right to jury trial); see also General Statutes §§ 51-239b and 52-215.

In the present matter, the plaintiff did not claim the case for a jury trial. The Gaffeys, the third party defendants, filed the claim for a jury trial. On April 18, 2013, the Gaffeys filed a motion for a court trial and certified that a copy of their motion was sent to the plaintiff's counsel.[3] In a handwritten notation dated April 29, 2013, the court granted the Gaffey's motion "by agreement" and noted that the plaintiff's counsel was present.[4] The motion to withdraw the third party complaint was filed by the defendants on May 31, 2013. Most importantly, the plaintiff appeared for a trial by the court and never raised any objection to the proceedings, namely, the absence of a jury. We conclude that, under the facts and circumstances of this case, the plaintiff waived her constitutional right to a jury trial.

Our conclusion is supported by our Supreme Court's decision in *Keating* v. *Glass Container Corporation*, 197 Conn. 428, 497 A.2d 763 (1985). In that case, the plaintiff suffered injuries when a cap blew off a soda bottle and struck her in the eye. Id., 429. She filed an action for strict liability against Pepsi-Cola Bottling Company of New Haven, Inc. (Pepsi), which was the bottler of the soda, the retailer that sold her the soda, the bottle manufacturer, and the cap manufacturer. Id., 429–30. Pepsi and the retailer each filed a cross complaint for indemnification against the other defendants. Id., 430. The plaintiff's case was tried before a jury, which found for the plaintiff as to her claims against Pepsi and the retailer. Id. After a court trial on the indemnification actions, the court rendered judgment ordering Pepsi to indemnify the retailer for any liability incurred from the plaintiff's judgment. Id.

On appeal, Pepsi claimed that the trial court improperly determined it did not have a right to a jury trial. Id. In rejecting this claim, our Supreme Court concluded that Pepsi had failed to make a timely objection. Id. At the outset of its analysis, it noted that "[t]he reason for requiring timely objections in judicial proceedings is to enable the judge and opposing counsel to correct possible errors . . . ." Id., 431. It then noted that the record was "replete with inconsistencies" regarding whether Pepsi had wanted a court trial or a jury trial on its cross complaint and that Pepsi had failed to avail itself of opportunities to clarify its position. Id. Our

Supreme Court noted that "[p]rior to the start of the jury trial on the plaintiff's complaint, had Pepsi wished to preserve the issue for appeal, it could and should have placed a formal objection on the record and sought a determination by the trial judge as to its right to a jury trial on the cross complaints." Id., 432–33. Finally, it noted that "Pepsi cannot now claim a new trial because of a situation which was in part caused by its failure to make a timely objection." Id., 433–34.

Although the analysis in *Keating* was based on the failure to object and preserve the claim at trial, rather than on whether a claim was waived under *Golding*, it is nevertheless applicable to the present case. The failure of the plaintiff to raise an objection at the start of the court trial, after receiving notice that the third party defendant had moved for a court trial and that there had been no jury selection, combined with her active and full participation in the ensuing trial, indicates that she had acquiesced to a court trial and correspondingly relinquished her right to a jury trial. She failed to object at the start of the court trial, when there was time to present the matter to the court, so that a possible error could be addressed and corrected if necessary. Instead, she remained silent and participated fully in the court trial. Only after receiving nominal damages did the plaintiff seek to exercise her right to a jury trial. Put another way, the plaintiff now seeks a proverbial second bite at the apple after receiving an award that was less than she had hoped for. We cannot endorse such a tactic, as it amounts to an ambush of both the trial court and the opposing party. We will not reward the plaintiff with a new trial based on a situation that was caused in part by her failure to raise an objection. See id.

We conclude that, under these facts and circumstances, the plaintiff waived her right to a jury trial. As a result, her claim fails under the third prong of *Golding*. *Mozell* v. *Commissioner of Correction*, supra, 291 Conn. 70–71; *State* v. *Fabricatore*, supra, 281 Conn. 482; *State* v. *Reddick*, supra, 153 Conn. App. 82.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Article first, § 19, of the Connecticut constitution provides: "The right of trial by jury shall remain inviolate, the number of such jurors, which shall not be less than six, to be established by law; but no persons shall, for a capital offense, be tried by a jury of less than twelve jurors without his consent. In all civil and criminal actions tried by a jury, the parties shall have the right to challenge jurors peremptorily, the number of such challenges to be established by law. The right to question each juror individually by counsel shall be inviolate." See also *Evans* v. *General Motors Corp.*, 277 Conn. 496, 509–510, 893 A.2d 371 (2006).

[2] The plaintiff sought temporary and permanent injunctions restraining the defendants from continuing to trespass on the plaintiff's property, temporary and permanent injunctions restraining the defendants from continuing the nuisance conditions, monetary damages, punitive damages and a judgment quieting title in her favor.

[3] Specifically, the Gaffey's motion for a court trial provided: "This case was the subject of a trial management conference with Judge Aurigemma on Tuesday, April 16, 2013, in advance of the May 2, 2013 trial date. At that

time, the third party plaintiffs indicated that they expected that the third party complaint would be tried to a jury." The Gaffeys, who originally had sought a jury trial, changed their position and moved for a court trial.

[4] We acknowledge that notice was sent to all parties on May 6, 2013, that stated jury selection was to begin on May 29, 2013; however, if counsel had failed to e-file a joint trial management report, then jury selection would not commence on that date. Nevertheless, the plaintiff failed to take any action or clarify whether there would be a court trial or a jury trial. See, e.g., *Keating* v. *Glass Container Corporation*, 197 Conn. 428, 431–32, 497 A.2d 763 (1985).