## STATE OF CONNECTICUT *v.* ANGELO FABRICATORE
## (SC 17492)

Norcott, Katz, Palmer, Vertefeuille and Zarella, Js.

---

Argued November 20, 2006—officially released February 27, 2007

*Todd Bussert*, for the appellant (defendant).

*Timothy J. Sugrue,* senior assistant state's attorney, with whom were *Robert J. Scheinblum,* senior assistant state's attorney, and, on the brief, *David I. Cohen,* state's attorney, for the appellee (state).

*Opinion*

NORCOTT, J. The defendant, Angelo Fabricatore, appeals, following our grant of certification,[1] from the judgment of the Appellate Court affirming the trial court's judgment of conviction,[2] rendered after a jury trial, of assault in the third degree in violation of General Statutes § 53a-61 (a)[3] and breach of the peace in violation of General Statutes (Rev. to 2001) § 53a-181 (a) (1).[4] *State* v. *Fabricatore,* 89 Conn. App. 729, 745, 875 A.2d 48 (2005). The sole issue in this appeal is whether the Appellate Court properly rejected the defendant's claim that the trial court's self-defense instruction as it pertained to the duty to retreat constituted harmful error. Id., 742. We affirm the Appellate Court's judgment on the alternate ground that the defendant expressly waived this claim at trial.

[1] We granted the defendant's petition for certification to appeal limited to the following issue: "Did the Appellate Court properly conclude that the trial court's improper instruction on the duty to retreat constituted harmless error?" *State* v. *Fabricatore,* 275 Conn. 902, 903, 882 A.2d 678 (2005).

[2] The Appellate Court reversed in part the judgment of the trial court with respect to the sentencing of the defendant. *State* v. *Fabricatore,* 89 Conn. App. 729, 742–45, 875 A.2d 48 (2005). That reversal is not the subject of this appeal.

[3] General Statutes § 53a-61 (a) provides in relevant part: "A person is guilty of assault in the third degree when: (1) With intent to cause physical injury to another person, he causes such injury to such person or to a third person; or (2) he recklessly causes serious physical injury to another person . . . ."

[4] General Statutes (Rev. to 2001) § 53a-181 (a) provides in relevant part: "A person is guilty of breach of the peace when, with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: (1) Engages in fighting or in violent, tumultuous or threatening behavior in a public place . . . . For purposes of this section, 'public place' means any area that is used or held out for use by the public whether owned or operated by public or private interests."

The opinion of the Appellate Court sets forth the following facts that the jury reasonably could have found and the relevant procedural history. "On September 15, 2001, the victim, Felix Gonzales, and Laura Montanez and Raymond Vasquez were fishing at Harbor Drive Park in Stamford. While Gonzales and Vasquez were sitting on a bench, the defendant approached the two men from behind. The defendant grabbed Vasquez around the neck. Gonzales told the defendant to stop choking Vasquez, and a fight ensued. Several witnesses testified that the defendant 'danced' around Gonzales with his fists raised.

"Although it is not clear what was said or if there was yelling, the verdict allows us to assume that the jury found that the defendant hit Gonzales first. Gonzales, who fell to the ground after being hit by the defendant, sustained a broken nose, bruising and a lost tooth. The defendant received a cut on his lip. Gonzales was given a summons and was taken to a hospital for treatment. The defendant was arrested at the scene.

"The defendant was charged with assault in the third degree in violation of § 53a-61 and breach of the peace in violation of § 53a-181 (a) (1). After a jury trial, the defendant was convicted of both charges." Id., 732. The defendant was sentenced to eighteen months imprisonment, suspended after time served, followed by two years of probation. Id., 743. The defendant appealed from the trial court's judgment of conviction to the Appellate Court, claiming, inter alia, that the trial court improperly had: (1) instructed the jury on the requirements of self-defense; and (2) remanded the defendant into custody pending sentencing.[5] Id., 732.

---

[5] The defendant also claimed that the trial court improperly had: (1) denied his motion for a judgment of acquittal because there was insufficient evidence to support the conviction; (2) denied his request for a continuance; and (3) commented on the credibility of the sole defense witness. *State* v. *Fabricatore*, supra, 89 Conn. App. 731–32. These claims are not at issue in this certified appeal.

With regard to the issue on appeal before this court, the defendant claimed before the Appellate Court that the trial court improperly had included a duty to retreat within the self-defense instruction because this case did not involve the use of deadly force. Because he failed to preserve this claim at trial by either filing a written request to charge on self-defense or taking an exception to the self-defense instruction given by the court,[6] the defendant sought review of his claim pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). The Appellate Court concluded that the defendant's unpreserved claim of improper jury instruction was reviewable under *Golding*, but failed on its merits. *State* v. *Fabricatore*, supra, 89 Conn. App. 740–42. In rejecting the defendant's claim, the Appellate Court reasoned that the improper jury instruction was harmless because the jury had chosen between two inconsistent theories of the altercation, "could have judged the testimony of the state's witnesses to be more credible," and "may not have even needed the self-defense instruction to reach its verdict." Id., 742. The Appellate Court reversed the judgment of the trial court with regard to the defendant's last claim and remanded for resentencing, but affirmed the judgment on all other grounds. Id., 745. This certified appeal followed. See footnote 1 of this opinion.

The defendant claims on appeal to this court that the trial court improperly instructed the jury by including a duty to retreat exception in its self-defense charge, because pursuant to General Statutes (Rev. to 2001) § 53a-19 (b),[7] a duty to retreat exists only in the context

---

[6] See, e.g., *Pestey* v. *Cushman*, 259 Conn. 345, 372–73, 788 A.2d 496 (2002) ("[a] party may preserve for appeal a claim that a jury instruction was improper either by submitting a written request to charge or by taking an exception to the charge as given").

[7] General Statutes (Rev. to 2001) § 53a-19 (b) provides in relevant part: "Notwithstanding the provisions of subsection (a) of this section, *a person is not justified in using deadly physical force upon another person* if he knows that he can avoid the necessity of using such force with complete

of deadly force. The defendant argues that the instruction misled the jury to believe that, even if it had concluded that the defendant was justified in his use of physical force, such action was not legally excusable if it was possible or feasible for the defendant to have escaped from Gonzales. In response, the state argues that the Appellate Court correctly concluded that the impropriety in the jury instruction was harmless error. The state also proffers, as an alternate ground for affirming the Appellate Court's judgment pursuant to Practice Book § 84-11,[8] that the defendant cannot prevail under *Golding* because he waived any challenge to the alleged constitutional violation by informing the trial court that he was satisfied with the self-defense charge. We agree with the state's alternate ground, and, accordingly, we affirm the judgment of the Appellate Court.

The record reveals the following additional relevant facts and procedural history. With respect to self-defense, it is undisputed that the trial court instructed the jury properly as to the meaning of self-defense and the burdens on each party with respect to that defense. The court then continued as follows: "Now, the law recognizes an exception to the justification of the use of physical force as self-defense. In subsection (b) of § 53a-19 of the statutes insofar as it relates to this case provides as follows. A person is not justified in using

safety (1) by retreating, except that the actor shall not be required to retreat if he is in his dwelling, as defined in section 53a-100, or place of work and was not the initial aggressor . . . ." (Emphasis added.)

[8] Practice Book § 84-11 provides in relevant part: "(a) Upon the granting of certification, the appellee may present for review alternative grounds upon which the judgment may be affirmed provided those grounds were raised and briefed in the appellate court. . . ." We note that this court granted the state's motion to file an untimely statement of an alternate ground to sustain the judgment of the Appellate Court. The state claimed, as an alternate ground for affirmance, that "[t]he defendant waived his claim at trial and, therefore, [it is] unreviewable."

physical force upon another person if he knows that he can avoid the necessity of using such force with complete safety by retreating. The law stresses that the defensive measures must never be retaliatory. The force used by a defensive force, not a reprisal or a punishing force. *The law also says that if possible or feasible, the person attacked should retreat and get away from that person or place before standing his ground and returning force with force.*

"So, if you find the claim of the defendant you must ask yourself did he take necessary defensive measures, the fending off of measures to protect himself. Or did he retreat or give ground or did he take some retaliatory measures or some stronger measures not reasonable in the light of that attack. In essence, how reasonable were the measures that he took." (Emphasis added.)

After the jury had left the courtroom, the prosecutor requested the court add to the self-defense instruction language indicating that, if the jury found the defendant was the initial aggressor, the defense of self-defense would no longer be available to the defendant pursuant to § 53a-19 (c).[9] When the court asked defense counsel if he had any objections to that addition to the charge, defense counsel objected, stating twice that the self-defense instruction already had been given as he had requested,[10] and once that he was "satisfied" with the self-defense instruction.[11]

[9] General Statutes (Rev. to 2001) § 53a-19 (c) provides in relevant part: "Notwithstanding the provisions of subsection (a) of this section, a person is not justified in using physical force when (1) with intent to cause physical injury or death to another person, he provokes the use of physical force by such other person, or (2) he is the initial aggressor . . . ."

[10] We also note that, while defense counsel apparently requested the trial court to instruct the jury on self-defense, he did not submit in writing proposed jury instructions on self-defense or any other issue in this case.

[11] The entire discussion between the court and counsel on the self-defense instruction provided as follows:

"The Court: [The prosecutor] wants additional matters read to the jury. Do you object to that?

"[Defense Counsel]: I think it is Your Honor's call, but I think *Your Honor*

"Under [*State* v. *Golding*, supra, 213 Conn. 239–40], a defendant can prevail on a claim of constitutional error not preserved at trial only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state

*instructed the jury on self-defense as I requested.* So, I'm not making any—

"The Court: You claim that this is necessary?

"[The Prosecutor]: Yes, judge.

"The Court: All right, show me the part.

"[The Prosecutor]: There to there.

"The Court: The yellow part?

"[The Prosecutor]: Yeah, and on the next page, too. The yellow part and the next page.

"The Court: And the whole—have you read this?

"[Defense Counsel]: No, Your Honor.

"The Court: Do you want to read it? Let's hurry up because Judge Comerford is out there.

"[Defense Counsel]: Is this something Your Honor is considering or—

"The Court: I'll do it. I'm going to do it. Personally I think this is adequate, but if you want it read, I'm going to read it.

"[Defense Counsel]: I don't want it read, Your Honor. I think Your Honor—of course, that's right—I think *Your Honor instructed on self-defense as I requested.* I didn't present a written specific request—

"The Court: Bring the jury in. I'm going to read that.

"[Defense Counsel]: Nor did the state's attorney—

"The Court: Would you go get the jury?

"[Defense Counsel]: Your Honor, I will object for the record only because—

"The Court: Your objection is noted.

"[Defense Counsel]: Because the state did not request written request either.

"The Court: I know it.

"[The Prosecutor]: I went based on your representation, [defense counsel].

"[Defense Counsel]: Your Honor, the only representations I ever made were that we would be requesting a self-defense charge.

"The Court: I'm going to read it.

"[Defense Counsel]: *And I was satisfied with Your Honor's self-defense charge.*

"The Court: In view of the fact that it is not what the prosecutor thought it would be, I am going to read his charge." (Emphasis added.)

has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. . . . The first two *Golding* requirements involve whether the claim is reviewable, and the second two involve whether there was constitutional error requiring a new trial." (Internal quotation marks omitted.) *State* v. *Fagan*, 280 Conn. 69, 89–90, 905 A.2d 1101 (2006).

The record in the present case is adequate for our review because it contains the full transcript of the trial proceedings. Further, this court recently has recognized that "it is well established" that a claim of an inadequate jury instruction on self-defense implicates the defendant's due process rights and, therefore, is of constitutional magnitude. *State* v. *Montanez*, 277 Conn. 735, 749, 894 A.2d 928 (2006); see also *State* v. *Ash*, 231 Conn. 484, 493, 651 A.2d 247 (1994) ("[a]n improper instruction on a defense, like an improper instruction on an element of an offense, is of constitutional dimension"). Accordingly, we conclude that the defendant's claim is reviewable under the first two prongs of *Golding*. Therefore, we address the merits of the defendant's claim under the third and fourth prongs of *Golding*.

Turning to the third prong of the *Golding* analysis, we first set forth the applicable principles that guide our analysis of the defendant's claim. "Where, as here, the challenged jury instructions involve a constitutional right, the applicable standard of review is whether there is a reasonable possibility that the jury was misled in reaching its verdict. . . . In evaluating the particular charges at issue, we must adhere to the well settled rule that a charge to the jury is to be considered in its entirety, read as a whole, and judged by its total effect rather than by its individual component parts. . . . [T]he test of a court's charge is . . . whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . As long as [the instructions] are correct

in law, adapted to the issues and sufficient for the guidance of the jury . . . we will not view [the instructions] as improper." (Citation omitted; internal quotation marks omitted.) *State* v. *Whitford*, 260 Conn. 610, 619–20, 799 A.2d 1034 (2002); see also *State* v. *Smith*, 94 Conn. App. 188, 199, 891 A.2d 974 ("as to unpreserved claims of constitutional error in jury instructions, we have stated that under the third prong of *Golding*, [a] defendant may prevail . . . only if . . . it is reasonably possible that the jury was misled" [internal quotation marks omitted]), cert. denied, 278 Conn. 906, 897 A.2d 100 (2006).

"A defendant in a criminal prosecution may waive one or more of his or her fundamental rights." *State* v. *Cooper*, 38 Conn. App. 661, 669, 664 A.2d 773, cert. denied, 235 Conn. 908, 665 A.2d 903 (1995), cert. denied, 517 U.S. 1214, 116 S. Ct. 1837, 134 L. Ed. 2d 940 (1996), citing *State* v. *Patterson*, 230 Conn. 385, 392, 645 A.2d 535 (1994). "In the usual *Golding* situation, the defendant raises a claim on appeal which, while not preserved at trial, at least was not waived at trial." *State* v. *Cooper*, supra, 667. Although we have not yet reviewed a situation wherein, as here, a defendant requesting *Golding* review implicitly may have waived a claim as to the propriety of jury instructions at trial, the Appellate Court has done so on several occasions.[12] In each case,

___

[12] See, e.g., *State* v. *Duncan*, 96 Conn. App. 533, 559–60, 901 A.2d 687 (defendant waived claim regarding jury instruction on elements of alteration of identifying mark or number of firearm by not objecting and by expressing satisfaction with instruction), cert. denied, 280 Conn. 912, 908 A.2d 540 (2006); *State* v. *Wortham*, 80 Conn. App. 635, 647–48, 836 A.2d 1231 (2003) (defendant waived claim regarding jury instruction duty to retreat and initial aggressor exceptions to self-defense when his counsel agreed during charging conference that such instruction was appropriate and argued against their application in his closing arguments), cert. denied, 268 Conn. 901, 845 A.2d 406 (2004); *State* v. *Hersey*, 78 Conn. App. 141, 156–60, 826 A.2d 1123 (defendant waived requirement that state prove existence of valid protective order by stipulating to its existence, referencing it and failing to object when state referenced it), cert. denied, 266 Conn. 903, 832 A.2d 65 (2003); *State* v. *Arluk*, 75 Conn. App. 181, 191–93, 815 A.2d 694 (2003) (defendant waived

the Appellate Court has applied the reasoning of its decision in *Cooper* to determine whether the defendant's claim failed the third prong of *Golding*.

"[In *State* v. *Cooper*, supra, 38 Conn. App. 670, the Appellate Court] held that a defendant could not satisfy the third prong of *Golding* where he had implicitly waived at trial a challenge to the alleged constitutional deprivation that was the basis of his claim on appeal. Therefore, a defendant cannot prevail under *Golding* on a claim that he implicitly waived at trial." (Internal quotation marks omitted.) *State* v. *Arluk*, 75 Conn. App. 181, 192, 815 A.2d 694 (2003). In *Cooper*, the defendant appealed from his conviction, rendered after a jury trial, for operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes § 14-227a (a). *State* v. *Cooper*, supra, 662–63. He appealed based in part on the trial court's jury instructions, which he claimed improperly had directed the jury to find Interstate 84 to be a "public highway," which was an element of § 14-227a (a). Id., 663. The Appellate Court determined that the defendant's claim was reviewable under the first two prongs of *Golding*, but concluded that, because he had waived his right to have the state prove all elements of his crime, he had failed to demonstrate that the alleged constitutional violation clearly existed or that he clearly was deprived of a fair trial. Id., 664–65. The Appellate Court concluded that

requirement that state prove existence of valid protective order by making several references to it and failing to object when state referenced it).

The Appellate Court also has applied the reasoning of *Cooper* to defendants' requests for *Golding* review of other types of alleged constitutional errors. See, e.g., *State* v. *Corona*, 69 Conn. App. 267, 271–73, 794 A.2d 565 (defendant waived claim regarding bifurcated trial and three judge panel reviewing murder charge when he explicitly agreed to such proceedings), cert. denied, 260 Conn. 935, 802 A.2d 88 (2002); *State* v. *Payne*, 63 Conn. App. 583, 587–89, 777 A.2d 731 (2001) (defendant waived any claim regarding juror who slept during trial by arguing to keep juror on panel and failing to protest), rev'd on other grounds, 260 Conn. 446, 450, 797 A.2d 1008 (2002).

statements made by defense counsel "were tantamount to a stipulation as to the public highway element, [and] therefore amounted to an implied waiver by the defendant."[13] Id., 669. The court concluded that "waiver of the right to require the state to prove each element of a crime may be made by counsel and may be inferred from the absence of an objection." Id., 670.

The logic of *Cooper* has been applied by the Appellate Court in several cases involving waiver of claims regarding jury instructions; see footnote 12 of this opinion; one of which is particularly persuasive in the present case. In *State* v. *Duncan*, 96 Conn. App. 533, 557, 901 A.2d 687, cert. denied, 280 Conn. 912, 908 A.2d 540 (2006), the defendant claimed that the trial court improperly had instructed the jury on the elements of alteration of a firearm identification mark or number and the presumptive inference that the jury was permitted to draw. After the court had given its oral instructions to the jury, the prosecutor directed the court's attention to a discrepancy between the oral charge and the written charge that was to be submitted to the jury on the elements of alteration. Id., 558. The court and both counsel agreed that the written charge was incorrect, and, upon reviewing a corrected version of the written charge, "[b]oth the prosecutor and defense counsel stated that they were 'satisfied' with the correction." Id. The Appellate Court concluded that the defendant had waived any challenge to the alleged constitutional violation because "the defendant not only failed to object to the court's instruction, but also voiced satisfaction with it. . . . To allow the defendant to seek

---

[13] In *Cooper*, the Appellate Court specifically pointed to defense counsel's failure to object to the state's testimony establishing the road as a public highway and to the state's discussion of that testimony in summation, defense counsel's use of the word "interstate" during cross-examination and summation, and defense counsel's use of the phrase "public highways" in an argument for a motion for judgment of acquittal. *State* v. *Cooper*, supra, 38 Conn. App. 667–69.

reversal now that his trial strategy has failed would amount to allowing him to induce potentially harmful error, and then ambush the state with that claim on appeal. . . . A review of the record shows that, for these reasons, the defendant cannot satisfy the third prong of *Golding*, as the constitutional violation did not clearly exist." (Citations omitted; internal quotation marks omitted.) Id., 560.

In the present case, defense counsel not only failed to object to the instruction as given or to the state's original request to charge the jury with the duty to retreat, but clearly expressed his satisfaction with that instruction, and in fact subsequently argued that the instruction as given was proper.[14] Indeed, defense counsel himself addressed the duty to retreat in his own summation.[15] Thus, the defendant accepted the duty to retreat theory presented by the prosecutor, and openly acquiesced at trial, thereby waiving his right to challenge the instruction on appeal.[16] Under this factual

---

[14] The defendant similarly failed to object to the state's references to the duty to retreat in its summation and rebuttal summation, wherein the prosecutor stated that "[t]he judge is also going to give you this instruction. He's got a duty to retreat. He's got a duty to leave the scene." In his rebuttal closing argument, the prosecutor also stated that "[h]e has a duty to retreat."

[15] Defense counsel told the jury that "it's this man, Judge Hickey, who will tell you what the law is, and that's what you need to follow. You are to listen to it and *you may find that the defendant had the right to act as he did and that he couldn't retreat.*" (Emphasis added.)

[16] In his reply brief, the defendant's appellate counsel urges us to reverse the conviction "on the basis of ineffective assistance of counsel for there is no sustainable reason that competent defense counsel would have razed [the defendant's] affirmative defense, supported by the record, by knowingly allowing the [s]tate's erroneous, ultimately fatal instruction, as adopted by the trial court, to be put to the jury." We decline to review this claim because "[c]laims . . . are unreviewable when raised for the first time in a reply brief." *Grimm* v. *Grimm*, 276 Conn. 377, 393–94 n.19, 886 A.2d 391 (2005), cert. denied, 547 U.S. 1181, 126 S. Ct. 2296, 164 L. Ed. 2d 815 (2006); see also *Celentano* v. *Oaks Condominium Assn.*, 265 Conn. 579, 587 n.6, 830 A.2d 164 (2003) ("[w]e generally do not consider issues raised for the first time in a reply brief"). We also note that this argument would be more properly raised in a habeas corpus petition. See, e.g., *State* v. *Greene*, 274 Conn. 134, 151, 874 A.2d 750 (2005) ("[a]lmost without exception, we have

situation, we simply cannot conclude that "injustice [has been] done to either party"; (internal quotation marks omitted) *State* v. *Whitford*, supra, 260 Conn. 620; or that "the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial . . . ."[17] *State* v. *Golding*, supra, 213 Conn. 240.

Moreover, our decision in the present case, concluding that unpreserved, waived claims, fail under the third prong of *Golding*, is consistent with our decisions declining to review claims of induced error. In *State* v. *Cruz*, 269 Conn. 97, 106, 848 A.2d 445 (2004), we quoted *Cooper* in concluding that *Golding* review is inapplicable to an unpreserved claim of induced error[18] because "[t]o allow [a] defendant to seek reversal now that his trial strategy has failed would amount to allowing him to induce potentially harmful error, and then ambush the state [and the trial court] with that claim on appeal." (Internal quotation marks omitted.) The defendant had challenged the charge on self-defense because it instructed the jury only on the use of deadly force, thus removing from the jury any consideration of whether he was justified in using nondeadly force. Id., 103. We held that, because the trial court used the exact language that the defendant had submitted in his request to charge, and because the defendant had taken no exception to the charge prior to or after the jury

required that a claim of ineffective assistance of counsel must be raised by way of habeas corpus, rather than by direct appeal, because of the need for a full evidentiary record for such [a] claim" [internal quotation marks omitted]), cert. denied, 548 U.S. 926, 126 S. Ct. 2981, 165 L. Ed. 2d 988 (2006). We take no position on the merits of any such habeas claim that may be brought by the defendant.

[17] Because we conclude that the defendant's claim fails under the third prong of *Golding*, we need not address the propriety of the Appellate Court's harmless error analysis.

[18] An induced error, or invited error, is "an error that a party cannot complain of on appeal because the party, through conduct, encouraged or prompted the trial court to make the erroneous ruling." Black's Law Dictionary (7th Ed. 1999). By comparison, a waiver is "[t]he voluntary relinquishment or abandonment—express or implied—of a legal right or notice." Id.

received its instructions, the defendant had induced the error and, therefore, could not challenge it on appeal. Id., 101–103. Similarly, in *State* v. *Gibson*, 270 Conn. 55, 68, 850 A.2d 1040 (2004), we refused to review under *Golding* the defendant's unpreserved claim of impropriety in the trial court's failure to provide a limiting instruction on the appropriate use of uncharged misconduct evidence because "the defendant encouraged or prompted the court to refrain from giving such an instruction despite the court's attempts to elicit from the defendant his permission to do so." See also *State* v. *Alston*, 272 Conn. 432, 456, 862 A.2d 817 (2005) (refusing to review for plain error defendant's claim that trial court improperly departed from statutory procedure for selecting jurors when defense counsel induced procedural departure); *State* v. *Walton*, 227 Conn. 32, 67, 630 A.2d 990 (1993) ("no review is warranted because [the defendant] induced the error"). Accordingly, we conclude that the Appellate Court properly determined that the impropriety in the jury instruction did not require reversal of the defendant's convictions.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.