# STATE OF CONNECTICUT *v.* JOHN BREWER
## (SC 17353)

Borden, Norcott, Katz, Palmer, Vertefeuille, Zarella and Sullivan, Js.

Argued April 12—officially released July 31, 2007

*Neal Cone*, senior assistant public defender, for the appellant (defendant).

*Harry Weller*, senior assistant state's attorney, with whom, on the brief, were *John A. Connelly*, state's attorney, *Cynthia S. Serafini*, senior assistant state's

attorney, and *Terence D. Mariani*, senior assistant state's attorney, for the appellee (state).

*Opinion*

NORCOTT, J. The defendant, John Brewer, appeals[1] from the judgment of conviction rendered by the trial court, following a jury trial, of murder in violation of General Statutes § 53a-54a (a)[2] and criminal possession of a firearm in violation of General Statutes § 53a-217 (a) (1).[3] On appeal, the defendant's sole claim is that, pursuant to *State* v. *Sawyer*, 227 Conn. 566, 576, 630 A.2d 1064 (1993),[4] the trial court improperly instructed the jury that it must unanimously acquit the defendant of the murder charge before it properly could consider a lesser included charge of first degree reckless manslaughter (acquittal first instruction). We affirm the judgment of the trial court because the defendant waived at trial any claim with regard to the acquittal first instruction.

The jury reasonably could have found the following facts. In the early morning hours of December 29, 2001, the victim, Damian Ellis, was with his friends, Damian Wade and Arthur Hall, at the Athenian Diner in Water-

---

[1] The defendant appealed directly to this court pursuant to General Statutes § 51-199 (b) (3) because murder is a class A felony for which the maximum sentence that may be imposed exceeds twenty years. See General Statutes §§ 53a-54a (c) and 53a-35a (2).

[2] General Statutes § 53a-54a (a) provides in relevant part: "A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person or of a third person . . . ."

[3] General Statutes § 53a-217 (a) provides in relevant part: "A person is guilty of criminal possession of a firearm or electronic defense weapon when such person possesses a firearm or electronic defense weapon and (1) has been convicted of a felony . . . ."

[4] In *State* v. *Sawyer*, supra, 227 Conn. 587, this court concluded that when the crime with which the defendant is charged requires an instruction on lesser included offenses, the trial court must give the jury an acquittal first instruction. Such an instruction requires that the jury be "instructed not to consider the lesser included offenses until it [has] unanimously found the defendant not guilty of the greater offense . . . ." Id., 574.

bury (diner). The defendant also was present at the diner with a group of friends, which included Jason Greene, his brother, Michael Greene, and Gregory Hunter. The victim's group had a verbal altercation with the defendant and Hunter that prompted the restaurant manager to eject both groups of men from the diner. The two groups engaged in some additional verbal sparring and then separated once outside the diner.

The defendant's group entered a black Lexus sport utility vehicle, driven by Hunter, and was exiting the diner parking lot when Hunter stopped the car in front of the victim, who was standing outside the entrance to the diner. Either Hunter or the victim reinitiated the dispute, and Hunter subsequently exited the vehicle and approached the victim's group with a knife in his hand. The victim backed away from Hunter, down a ramp on the side of the diner, as the defendant exited the vehicle and moved to the corner of the building near the ramp. The defendant walked up to the victim and shot him twice with a nine millimeter Cobray M-11 semiautomatic pistol. One shot entered the victim's brain and likely killed him within five seconds.

Following the shooting, the defendant got back into the Lexus, which was now driven by Jason Greene, and the two men left the scene. The defendant threw the gun out of the car's window and shortly thereafter exited the vehicle. Jason Greene later directed the police to the area in which the defendant had discarded the murder weapon.

The defendant was arrested and charged with murder in violation of § 53a-54a (a), criminal possession of a firearm in violation of § 53a-217 (a) (1), and tampering with a witness in violation of General Statutes § 53a-151a (a) (2).[5] The jury found the defendant guilty of the

---

[5] General Statutes § 53a-151a (a) provides: "A person is guilty of intimidating a witness when, believing that an official proceeding is pending or about to be instituted, such person uses, attempts to use or threatens the use of physical force against a witness or another person with intent to . . . (2)

first two counts and was unable to reach a verdict on the third count, which subsequently was dismissed by the trial court. The trial court thereafter sentenced the defendant to a total effective sentence of sixty years imprisonment. This appeal followed.

On appeal, the defendant claims that the acquittal first instruction given by the trial court pursuant to *State* v. *Sawyer*, supra, 227 Conn. 576, violated his constitutional rights to a jury trial and due process of law. The defendant, therefore, asks this court to overrule *Sawyer* as violative of both the sixth and fourteenth amendments to the federal constitution, and article first, §§ 8 and 19, of our state constitution. Because the defendant failed to preserve this claim at trial by taking an exception to the instruction given by the court, he seeks to prevail pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). We affirm the judgment of the trial court and conclude that the defendant cannot prevail under *Golding* because he expressly waived his claim at trial.

We begin with a review of the jury instructions at issue in the present case. Following a charge on the elements of the crime of murder, the trial court instructed the jury as follows: "Now, under that first count the defendant is charged with the crime of murder. If you find that the state has proven beyond a reasonable doubt each element of the crime of murder, you should find the defendant guilty of that crime under

induce the witness to testify falsely, withhold testimony, elude legal process summoning the witness to testify or absent himself or herself from the official proceeding."

The defendant was charged with violating § 53a-151a (a) (2) based on a telephone call he allegedly had placed to Desiree Whitfield, with whom he had spent the night several days before the shooting. Whitfield testified that the defendant told her that if she did not tell the police that she was present at the diner and identify Hunter as the shooter, he would harm her children. Whitfield testified that, although she initially did as she was told, she subsequently admitted that she had been lying the next day.

the first count. However, if—If you find the defendant not guilty of the crime of murder under this count, you should then consider what is called a lesser included offense and in this case that is entitled reckless manslaughter in the first degree with a—reckless manslaughter with a firearm.

"I'll read that to you again. And you know, when I repeat something, it's not to emphasize a certain charge. If I—If I repeat something, it's just for purposes of explanation, not for—not for an emphasis. Now, under the first count the defendant is charged with the crime of murder. If you find that the state has proven beyond a reasonable doubt each of the elements of the crime of murder, you shall find the defendant guilty of murder under the—under the first count and you don't go on to the lesser included offense. If you find the defendant guilty, you don't go on to the lesser included offense. And this only—These instructions only pertain to the first count. However, if you find the defendant not guilty of the crime of murder under the first count, you should then consider the lesser included offense of reckless manslaughter with a firearm."

The trial court later instructed the jury that reckless manslaughter is "the lesser included offense of the first count. You get to it if you find the defendant not guilty of murder." The trial court instructed the jury on the requirement of unanimity after charging it on each count by stating that "[e]ach verdict is—Each count is considered separately and you deliver—deliver a separate verdict and—and your verdict has to be unanimous." The trial court also subsequently instructed the jury that "[w]hen you reach a verdict it must be unanimous."[6]

---

[6] The state argues that, if any party has a right to challenge the *Sawyer* instructions given by the trial court, it is the state, because the unanimity instruction was not actually given at the transition between murder and reckless manslaughter. According to the state, this bifurcation of the requirements of *Sawyer* in such a way may have benefited the defendant, so that defense counsel's failure to object could well have been a tactical decision.

Defense counsel took no exceptions from the instructions given by the trial court. The state, however, registered its objection to the trial court's inclusion of a lesser included offense charge. The trial court explained its reasons for including the lesser included offense charge, and then *specifically* asked defense counsel if the charge as read was *what had been requested.* Defense counsel responded: "That is correct, Your Honor."[7]

---

[7] The entire discussion between the court and counsel as to the lesser included offense instruction provided as follows:

"The Court: Any exceptions?

"[The Prosecutor]: No. Thank you.

"[Defense Counsel]: None, Your Honor.

"The Court: You sure?

"[Defense Counsel]: Yes.

"The Court: All right. I just want to give you a second chance. All right.

"[The Prosecutor]: You know, I just—Not that it's worth anything, but just to put on the record, it was—we had discussed this in chambers about whether or not the defendant was entitled to a lesser included offense charge and it was the state's position that the evidence did not support that. We had discussed that and it was clear that you were going to give the instruction.

"The Court: Yeah.

"[The Prosecutor]: I don't know how it would ever have any appellate purpose or anything, but just so the record's clear, the state didn't feel that the defense was entitled to a lesser—

"The Court: Yeah.

"[The Prosecutor]:—any lesser included offenses.

"The Court: Just so there is enough of a record, and this—this basically reflects our conversation in—in chambers. It's often very difficult to figure out whether an offense is a lesser included offense. I applied the test—the [*State* v. *Whistnant,* 179 Conn. 576, 427 A.2d 414 (1980)] test—and I'm not totally convinced that it's a lesser included offense, but charging on it is—is—makes more sense. I—I wouldn't want to—If I—If I made a mistake and did not—and did not give the lesser included, it would be a fatal error, so as an exercise in caution, I've decided to go along with the request of the defense on this even though I'm not exactly sure that it's appropriate and give the charge that—the lesser included that they requested and this—this was the only one that you requested and—and this was the right one as far as you were concerned, correct?

"[Defense Counsel]: That is correct, Your Honor."

"Under [*State* v. *Golding*, supra, 213 Conn. 239–40], a defendant can prevail on a claim of constitutional error not preserved at trial only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. . . . The first two *Golding* requirements involve whether the claim is reviewable, and the second two involve whether there was constitutional error requiring a new trial." (Internal quotation marks omitted.) *State* v. *Fabricatore*, 281 Conn. 469, 476–77, 915 A.2d 872 (2007).

The record in the present case is adequate for our review because it contains the full transcript of the trial proceedings, and therefore satisfies the first prong of *Golding*. Although a lesser included offense instruction "is purely a matter of common law, and therefore does not implicate constitutional rights"; *State* v. *Ortiz*, 217 Conn. 648, 659, 588 A.2d 127 (1991);[8] the defendant's challenge to *Sawyer*'s unanimity instruction is of constitutional magnitude because it implicates the defendant's right to a trial by jury.[9] See *State* v. *Sawyer*,

---

[8] See also *State* v. *Herring*, 210 Conn. 78, 105, 554 A.2d 686, cert. denied, 492 U.S. 912, 109 S. Ct. 3230, 106 L. Ed. 2d 579 (1989); *State* v. *Thomas*, 205 Conn. 279, 282, 533 A.2d 553 (1987); *State* v. *McIntosh*, 199 Conn. 155, 158, 506 A.2d 104 (1986); *State* v. *Whistnant*, 179 Conn. 576, 581, 427 A.2d 414 (1980).

[9] "It is settled doctrine in Connecticut that a valid jury verdict in a criminal case must be unanimous. . . . The possibility of disagreement by the jury is implicit in the requirement of a unanimous verdict and is part of the constitutional safeguard of trial by jury. . . . The jury is required to agree on the factual basis of the offense. The rationale underlying the requirement is that a jury cannot be deemed to be unanimous if it applies inconsistent factual conclusions to alternative theories of criminal liability." (Citations omitted; internal quotation marks omitted.) *State* v. *Martinez*, 278 Conn. 598, 604 n.13, 900 A.2d 485 (2006); see also *State* v. *Griffin*, 97 Conn. App.

supra, 227 Conn. 576 ("[t]he possibility of disagreement by the jury is implicit in the requirement of a unanimous verdict and is part of the constitutional safeguard of trial by jury" [internal quotation marks omitted]). Accordingly, we conclude that the defendant's claim, insofar as it challenges the propriety of the acquittal first instruction, is reviewable under the second prong of *Golding* as well, and we examine the merits of the defendant's claim under the remaining prongs of *Golding*.

Turning to the third prong of the *Golding* analysis, namely, whether "the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial"; *State* v. *Golding*, supra, 213 Conn. 240; we first set forth the applicable principles that guide our analysis of the defendant's claim. Ordinarily, "[w]here, as here, the challenged jury instructions involve a constitutional right, the applicable standard of review is whether there is a reasonable possibility that the jury was misled in reaching its verdict. . . . In evaluating the particular charges at issue, we must adhere to the well settled rule that a charge to the jury is to be considered in its entirety, read as a whole, and judged by its total effect rather than by its individual component parts. . . . [T]he test of a court's charge is . . . whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . As long as [the instructions] are correct in law, adapted to the issues and sufficient for the guidance of the jury . . . we will not view [the instructions] as improper." *State* v. *Fabricatore*, supra, 281 Conn. 477–78. In the present case, the defendant concedes that the instructions as given

169, 182, 903 A.2d 253 ("[a] claim bearing on the defendant's right to a unanimous verdict implicates a fundamental constitutional right to a fair trial" [internal quotation marks omitted]), cert. denied, 280 Conn. 925, 908 A.2d 543 (2006).

by the trial court were correct in law because they complied with the requirements of unanimity outlined by *Sawyer*. Therefore, the defendant challenges the underlying premise of *Sawyer*, and argues that he "may be excused for not pursuing the futile act of objecting" to instructions that complied with our jurisprudence.

We recently concluded that "unpreserved, waived claims, fail under the third prong of *Golding* . . . ."[10] Id., 482. "A defendant in a criminal prosecution may waive one or more of his or her fundamental rights. . . . In the usual *Golding* situation, the defendant raises a claim on appeal which, while not preserved at trial, at least was not waived at trial." (Citations omitted; internal quotation marks omitted.) Id., 478. In *Fabricatore*, the defendant challenged the trial court's inclusion of the duty to retreat in the jury charge on self-defense because the case did not involve the use of deadly force. Id., 471–73. The defendant did not take an exception to the charge initially requested by the state or the charge as given by the trial court, and defense counsel "clearly expressed his satisfaction with [the] instruction, and in fact subsequently argued that the instruction as given was proper." Id., 481. On the basis of these actions, we concluded that the defendant could not satisfy the third prong of *Golding* because he had waived his right to challenge the self-defense instruction, so that no constitutional violation clearly existed. Id., 482.

In the present case, defense counsel requested a lesser included offense instruction, which was given by the trial court "as an exercise in caution" over the objection of the state. This is not an instance of defense

[10] We acknowledge that *State* v. *Fabricatore*, supra, 281 Conn. 469, was not officially released until February 27, 2007, after the parties had filed their briefs in the present case. The state argued in its brief, however, that the defendant had waived his right to contest the *Sawyer* instruction and, therefore, could not meet the *Golding* requirements for appellate review.

counsel's failure to take exception to the instruction as given, which included the language that he now attacks, but rather is a case in which he specifically expressed his satisfaction with that instruction when queried by the trial court.[11] As we recently concluded in *Fabricatore*, "[u]nder this factual situation, we simply cannot conclude that injustice [has been] done to either party . . . or that the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial." (Citation omitted; internal quotation marks omitted.) *State* v. *Fabricatore*, supra, 281 Conn. 481–82. Accordingly, we affirm the judgment of the trial court.

The judgment is affirmed.

In this opinion the other justices concurred.

---

[11] The defendant claims that the present case is distinct from *Fabricatore* because in this case, any objection to the instructions would have been a futile act since the instructions were in compliance with *Sawyer*. We find no merit in this claim. First, futility is not an excuse. See *Williamson* v. *Commissioner of Transportation*, 209 Conn. 310, 317–18, 551 A.2d 704 (1988) (rejecting claim that plaintiff's objection to jury instructions would have been futile because instructions complied with precedent). Second, as we previously discussed, this is not a case of silence in the face of an allegedly improper charge; instead, it is a case in which defense counsel specifically expressed his satisfaction with that charge. Such an affirmative action by counsel simply cannot lend support to a claim of futility.