STATE OF CONNECTICUT *v.* JOHN ASHLEY FARMER
(AC 27895)

Gruendel, Beach and Peters, Js.

---

Argued March 25—officially released May 27, 2008

*Glenn W. Falk*, special public defender, for the appellant (defendant).

*Timothy F. Costello*, special deputy assistant state's attorney, with whom, on the brief, were *Scott J. Murphy*, state's attorney, and *Brian Preleski*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PETERS, J. The constancy of accusation doctrine, which is codified in Connecticut Code of Evidence § 6-11 (c), permits the state to corroborate the testimony of a victim of a sexual assault by presenting evidence that the victim reported the fact and the timing of the assault to other persons. *State* v. *Troupe*, 237 Conn. 284, 304–305, 677 A.2d 917 (1996) (en banc). The principal issue in this criminal appeal is whether the trial

court complied with the limitations on such testimony imposed by *Troupe* when it admitted into evidence the testimony of two witnesses to whom the complainant in this case spoke the morning after the alleged assault. We affirm the judgment of the trial court in favor of the state.

In a substitute information filed December 1, 2005, the state charged the defendant, John Ashley Farmer, with sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1), kidnapping in the first degree in violation of General Statutes § 53a-92 (a) (2) (A) and assault in the second degree in violation of General Statutes § 53a-60 (a) (1). The jury found the defendant not guilty of the offense of sexual assault but found him guilty of the lesser included offenses of kidnapping in the second degree in violation of General Statutes § 53a-94[1] and assault in the third degree in violation of General Statutes § 53a-61 (a) (1).[2] The trial court sentenced the defendant to a term of twenty years of incarceration. He has appealed.

The jury reasonably could have found the following facts. The defendant and the complainant lived together in an apartment in Bristol. Starting in mid-morning on October 19, 2004, they began to drink heavily and continued to do so through the day and evening. After watching a baseball game on television at the home of the defendant's brother, the complainant began to drive both of them home. The defendant insisted that he

[1] General Statutes § 53a-94 provides: "(a) A person is guilty of kidnapping in the second degree when he abducts another person.

"(b) Kidnapping in the second degree is a class B felony for which three years of the sentence imposed may not be suspended or reduced by the court."

[2] General Statutes § 53a-61 provides in relevant part: "(a) A person is guilty of assault in the third degree when: (1) With intent to cause physical injury to another person, he causes such injury to such person or to a third person . . . .

"(b) Assault in the third degree is a class A misdemeanor . . . ."

should drive because she was too inebriated to do so. He assaulted her physically to force her to relinquish the driving of the car to him. Instead of driving them home to their apartment, the defendant drove to a desolate dirt road in Burlington where he resumed his physical assault of the complainant, removed her underclothes and engaged in sexual conduct with her. Eventually, the defendant drove the complainant to his mother's house in Bristol. The next morning he allowed her to drive herself home.

When the complainant returned to the apartment, she reported that she had been sexually assaulted both to her daughter and to a friend, Angelo Russell, who was there awaiting transportation to work. She then called the police, whom she accompanied to the dirt road where the defendant had taken her. There they found her ripped underwear on the ground. A subsequent physical examination of the complainant at Bristol Hospital confirmed that she had been beaten.

The defendant did not deny striking the complainant but said that he had done so in self-defense after the complainant had begun hitting him. He acknowledged that he had engaged in sexual conduct with the complainant but alleged that their sexual engagement had been consensual. The jury rejected his first defense but accepted the second one.

The defendant's appeal raises two issues. He maintains that the trial court (1) improperly overruled his objection to the testimony of the two witnesses who testified about the complainant's description of the injuries inflicted on her by the defendant and (2) violated his constitutional rights by instructing the jury that the testimony of these witnesses was probative to corroborate the testimony of the complainant. We disagree.

I

Connecticut Code of Evidence § 6-11 (c) provides that "[a] person to whom a sexual assault victim has reported the alleged assault may testify that the allegation was made and when it was made, provided the victim has testified to the facts of the alleged assault and to the identity of the person or persons to whom the assault was reported. Any testimony by the witness about details of the assault shall be limited to those details necessary to associate the victim's allegations with the pending charge. The testimony of the witness is admissible only to corroborate the victim's testimony and not for substantive purposes." The defendant maintains that the trial court in this case misapplied § 6-11 (c) in permitting the state to present evidence by the complainant's daughter and Russell.

Pursuant to *State* v. *Saucier*, 283 Conn. 207, 926 A.2d 633 (2007) (en banc), our review of the defendant's claim that the trial court misapplied the code of evidence involves a two step process of review. We must first decide whether the evidence at issue properly can be characterized as falling within the permissible range of corroborative evidence in prosecutions for sexual assault. Our standard for review of this issue is plenary. If that threshold has been crossed, we then must decide whether the trial court's decision to admit the testimony into evidence, premised on a correct view of the law, was an abuse of discretion. Id., 218.

Under the circumstances of this case, we cannot fault the two evidentiary rulings that the defendant challenges. The defendant virtually concedes that the admission of the disputed evidence to corroborate the testimony of the complainant comported with the constraints on evidence of constancy of accusation in sexual assault cases that our Supreme Court set out in

*State* v. *Troupe,* supra, 237 Conn. 304–305.[3] This court is obliged to follow the dictates of our Supreme Court. The trial court properly interpreted and applied § 6-11 (c).

The gravamen of the defendant's objection to the testimony of the constancy of accusation witnesses is not that this testimony was improperly admitted with respect to the charge of sexual assault. Indeed, he was acquitted of that charge. He claims instead that the testimony should not have been admitted without informing the jury to disregard it with respect to the charges of kidnapping and assault, of which he was convicted. At trial, however, he did not object to the admission of the testimony of either of the constancy of accusation witnesses on that basis. This nonconstitutional claim does not, therefore, warrant appellate review. Practice Book § 60-5; *Lorthe* v. *Commissioner of Correction,* 103 Conn. App. 662, 699, 931 A.2d 348, cert. denied, 284 Conn. 939, 937 A.2d 696 (2007).

II

The defendant's alternate argument in this appeal is that he is entitled to a new trial because of defects in the instructions on constancy of accusation evidence that the court gave the jury. With respect to each of the two constancy of accusation witnesses, the trial court instructed the jury during the trial that their evidence was "admitted solely to corroborate or not corroborate [the complainant's] testimony in court . . . . This evidence of out-of-court statements by [the complainant] of a sexual assault against her by the defendant is not to be considered by you to prove the truth of the matter asserted in those out-of-court statements."

---

[3] Indeed, as the state notes, the defendant has failed to identify any aspect of the testimony of either of these witnesses that overstepped the boundaries set by *Troupe.*

The trial court reiterated this instruction at the end of the trial.

The defendant did not object to these instructions at any time during the trial. He did not file a request to charge on the analysis of constancy of accusation testimony. Furthermore, after the trial court reviewed with counsel its proposed final instructions regarding the constancy of accusation witnesses, the court asked defense counsel whether the instructions were "[a]ll right, sir?" Defense counsel replied: "Yes, Your Honor."

In light of this record, the defendant cannot now be heard to challenge the validity of the trial court's instructions. Even if we were prepared to overlook established case law that arguments about evidence of constancy of accusation have no constitutional implications, our Supreme Court has held that "unpreserved, waived claims, fail under the third prong of [State v.] Golding, [213 Conn. 233, 239–40, 567 A.2d 823 (1989)]." State v. Fabricatore, 281 Conn. 469, 482, 915 A.2d 872 (2007); accord State v. Brewer, 283 Conn. 352, 357 n.7, 360–61, 927 A.2d 825 (2007). The defendant's claim in this case similarly is unreviewable.

We nonetheless take this opportunity to suggest that, in future cases in which evidence of constancy of accusation is admissible into evidence, the trial court should consider informing the jury expressly that this evidence may corroborate the complainant's testimony *only* with respect to a charge of sexual assault. It may be difficult for a jury to keep in mind that evidence probative of sexual assault is not probative of kidnapping or assault. It would, however, be appropriate to facilitate that difficult task by jury instructions expressly making this distinction.

The judgment is affirmed.

In this opinion the other judges concurred.